**U.S. Department of Justice**

*United States Attorney's Office*
*Western District of Wisconsin*

*Telephone 608/264-5158*
*Administrative Facsimile 608/264-5183*
*Civil Division Facsimile 608/264-5724*
*Criminal Division Facsimile 608/264-5054*

*Address:*
*222 W. Washington Avenue*
*Suite 700*
*Madison, Wisconsin 53703*

August 25, 2026

Anita Marie Boor
Magistrate Judge
United States District Court
Western District of Wisconsin
120 N. Henry Street
Madison, WI 53703

Re: *United States v. Tejeda Murillo*
Case No: 26-mj-00004-amb

Dear Judge Boor:

The government submits this in response to the Court's four questions regarding the government's petition to transfer this case to a district judge. Dkt. 33. The government agrees with the defendant's answers to the Court's questions that: (1) the district court is the decider of the government's petition; (2) that if the Magistrate Judge decides the petition, the government could seek to appeal to a district judge in accordance with Fed. R. Crim. P. 58(g)(2)(A)[1]; (3) if the Magistrate Judge grants the defendant's motion to dismiss, the government's appeal would initially be to the district judge; and (4) a short delay of the trial date would not present any Speedy Trial Act concerns.

As the defendant notes, the delay resulting from resolution of the defendant's motion is automatically excludable. Dkt. 39 at 6; *see also* 18 U.S.C. § 3161(h)(1)(D). The government also agrees that given the complexity of the issues involved, the delay can alternatively be justified by an ends of justice finding. Dkt. 39 at 7. Additionally, the government makes one further point regarding the Speedy Trial Act. This case was originally scheduled for trial on July 20, 2026, however the defendant asked for it to be continued, asserting that the delay should be excludable because the continuance would

[1] The applicability of the "collateral order doctrine" or the likelihood of the government's success on appeal are beyond the scope the Court's inquiry and premature until the petition is decided and appealed. If the Magistrate Judge denies the petition and the government seeks to appeal, it will raise substantive arguments at that point.

serve the interests of justice. Dkt. 22 at 3. Under these circumstances, any "ends of justice" finding would have ample support.

Very truly yours,

CHADWICK M. ELGERSMA
United States Attorney

By: /s/_____________________________
WILLIAM M. LEVINS
Assistant United States Attorney